**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-82-GF-BMM |
| Plaintiff/Respondent, | |
| vs. | **ORDER** |
| BASIL DONEY, JR., | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Basil Doney's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Doney is a federal prisoner proceeding pro se.

Doney also seeks discovery and leave to file his motion for discovery under seal. He conscientiously redacted all of his references to the two victims in the case, who were minors at the time of the offenses and were 17 and 18 years old at the time of trial.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine

whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review."  *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).  The Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On September 18, 2014, a grand jury indicted Doney on two counts of aggravated sexual abuse, both violations of 18 U.S.C. § 2241(a), under the jurisdiction of the Major Crimes Act, 18 U.S.C. § 1153(a).  Each count alleged that Doney knowingly engaged in a sexual act by using force and that the incident occurred in 2008 or 2009 at Hays, on the Fort Belknap Indian Reservation.  Each count involved a different victim, L.B.G. (Count 1) and O.G. (Count 2).  Assistant Federal Defender David Ness was appointed to represent Doney.  *See* Order (Doc. 4).

The parties agreed to a bench trial. The Court found Doney guilty beyond reasonable doubt on both counts. *See* Minutes (Docs. 53, 72).

The Court sentenced Doney on June 11, 2015, to 180 months in prison on each count, concurrently, to be followed by a five-year term of supervised release. *See* Minutes (Doc. 76); Judgment (Doc. 77) at 2-3.

Doney appealed. He challenged the denial of his pretrial motion for a bill of particulars as well as the sufficiency of the evidence. The Ninth Circuit rejected Doney's arguments and affirmed his convictions on July 12, 2016. *See* Mem. (Doc. 93) at 2-3, *United States v. Doney*, No. 15-30205 (9th Cir. July 12, 2016).

Doney filed a petition for writ of *certiorari*. The United States Supreme Court denied the petition on November 28, 2016. *See* Clerk Letter (Doc. 96) at 1.

Doney's conviction became final on November 28, 2016. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on November 6, 2017. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claims and Analysis

Doney claims that counsel provided ineffective assistance in various respects. His claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Doney must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable

probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694.


### A.  Dr. Maynard

Doney claims that counsel should have called Dr. Nancy Maynard to give evidence at trial.  *See* Mot. § 2255 (Doc. 97) at 4 "Ground One"; Mem. (Doc. 98) at 12-15.  In connection with this claim, he also asks the Court to issue a subpoena for O.G.'s medical records because he believes he is "required to offer some facts or evidence to support my assertions in my 28 U.S.C. § 2255" motion.  *See* Doney Decl. (Doc. 98-5) at 2 ¶ 8; Mot. for Discovery (Doc. 97-2).  Nothing requires Doney to submit evidence at this point.  The Court assumes Doney can prove what he alleges.  The motion for discovery is moot.

In February 2010, some time after the incident involving Doney, O.G. was the victim of a statutory rape perpetrated by Justin The Boy.  Some information about this incident came to light at trial.  *See, e.g.*, 1 Trial Tr. at 50:21-51:19. Doney alleges that counsel failed to use additional relevant information at the time of trial.  He says:

> 3.      During the pretrial phase of my criminal case, Mr. David Ness, Defense Counsel, obtained a copy of a report written by Dr. Nancy Maynard of Benefi[]s Medical Center concerning O.G. involving a sexual assault occur[r]ing on or about February 20, 2010.

4.      Mr. Ness discussed this report with me as well as allowed me to review it.

5.      The report indicated that Dr. Maynard observed recent tearing to O.G.'s hymen indicating that her hymenal membrane was recently torn (on or about February 20, 2010) with Mr. Justin The Boy.

6.      I believed this information would be used during my criminal trial for the defense as it would have refuted O.G.'s allegations against me, however, it was not.

Doney Decl. (Doc. 98-5) at 1-2 ¶¶ 3-6.

To prove that Doney committed aggravated sexual abuse against O.G., the United States had to prove that Doney's penis penetrated O.G.'s vulva, even if the penetration was only "slight." *See* 18 U.S.C. § 2246(2)(A). The United States also had to prove that Doney caused O.G. to engage in a sexual act by "using force." *See id*. § 2241(a). It did not have to prove that Doney forcefully penetrated O.G.

O.G. testified that Doney "put his penis into my vagina." 1 Trial Tr. (Doc. 60) at 40:9. She said "[i]t hurt" and continued for what "could have been a few minutes, an hour, I don't know." *Id*. at 40:20-41:5. O.G. also testified that she tried to stop Doney by pushing him and telling him to stop, but he moved her hands aside "and put them on the side of me, and held them there so I wouldn't push him off." *Id*. at 40:10-19. This testimony, if believed, proved that Doney used force to cause O.G. to engage in a sexual act.

The additional evidence that Doney describes would not "refute" O.G.'s

testimony.  Doney was guilty of the offense if he penetrated O.G.'s vulva or vagina only slightly, and even slight penetration of the vagina would be consistent with O.G.'s testimony that Doney "put his penis into my vagina."  Moreover, even slight penetration of the vagina may cause pain, as an intact hymenal membrane may stretch rather than tear.

Assuming Dr. Maynard's evidence was admissible, *but see* Fed. R. Evid. 412; *United States v. Bordeaux*, 400 F.3d 548, 557-59 (8th Cir. 2005), it seems ambiguous.  The Court's failure to admit evidence that may not have been probative is not unreasonable.  No reasonable probability exists that Doney would have been acquitted if the Court had heard Dr. Maynard's testimony.  Doney's allegations do not meet either prong of the *Strickland* test.  This claim is denied.

## B.  Stipulations and Indian Status

Doney contends it was unreasonable and prejudicial for counsel to stipulate to "the foundation of admissibility" of Doney's tribal enrollment certificate and to stipulate to admission of an excerpt from the Federal Register.  *See* Stipulation (Doc. 51) at 2; 1 Trial Tr. at 9:2-10.  He also claims that the United States failed to prove that he was an enrolled member of the Fort Belknap tribes at the time of the crimes.  *See generally* Mot. § 2255 at 5 "Ground Two"; Mem. at 16-26.

To prove that a defendant is an "Indian," the United States must show that he possesses "some quantum of Indian blood," as well as contemporary

"membership in, or affiliation with, a federally recognized tribe." *Untied States v. Zepeda* ("*Zepeda III*"), 792 F.3d 1103, 1113 (9th Cir. 2015) (en banc). Where admissible, a tribal enrollment certificate, by itself, can supply the factual basis to prove that the defendant is an "Indian" subject to the jurisdiction of a federal court under the Indian Major Crimes Act, 18 U.S.C. § 1153(a). A certificate frequently shows or relies on the defendant having a significant quantum of Indian blood. It is also compelling evidence that the defendant has "a non-racial link to a formerly sovereign people." *United States v. Reza-Ramos*, 816 F.3d 1110, 1121 (9th Cir. 2016).

At Doney's trial, the parties stipulated to admitting the Federal Register into evidence. Whether a tribe is federally recognized presents a question of law subject to judicial notice. *See Zepeda II*, 738 F.3d 201, 212 (9th Cir. 2013) (revising *Zepeda I*, 708 F.3d 1052 (9th Cir. 2013), to accept that federal recognition is a question of law); *Zepeda III*, 792 F.3d at 1114 ("federal recognition of a tribe, a political decision made solely by the federal government and expressed in authoritative administrative documents, is a question of law to be decided by the judge."); Fed. R. Evid. 201(b)(2). Counsel's stipulation to admit the Federal Register caused no prejudice to Doney.

As to the tribal enrollment certificate, Doney is correct that it was not self-authenticating and represented hearsay. Counsel frequently stipulate to facts when

the United States's ability to prove them proves beyond doubt. *See, e.g.*, *United States v. Benedict*, 855 F.3d 880, 887-88 (8th Cir. 2017); *United States v. Crowe*, 735 F.3d 1229, 1243-45 (10th Cir. 2013); *United States v. Celaj*, 649 F.3d 162, 168-70 (2d Cir. 2011); *United States v. Gullett*, 75 F.3d 941, 947 (4th Cir. 1996); *see also United States v. Sherrod*, 445 F.3d 980, 981-82 (7th Cir. 2006). Doney claims that "[h]ad Ness not stipulated . . . the record could not have been admitted at trial." Mem. at 22. The Court disagrees. Absent a stipulation, the United States would have known that it needed to call a witness to support admission of the certificate, *see* Fed. R. Evid. 901(a), (b)(1), or perhaps to testify about Doney's parents and grandparents, *see* Fed. R. Evid. 803(19). Doney does not claim the certificate was inaccurate. His allegations establish no unreasonable performance by counsel and present no reasonable probability of a different outcome had counsel not stipulated.

Doney also points out, again correctly, that the certificate did not prove he was a tribal member at the time of the offenses in 2008 or 2009. It was dated July 15, 2014, and stated that Doney "is listed on the official records" of the Fort Belknap Authority. *See* Certificate (Doc. 98-4) at 1. The government asked Officer Fox, an investigator with the Fort Belknap Law Enforcement Services, whether he was familiar with Doney and whether Doney had "ever appeared as a litigant in tribal court." Fox responded affirmatively to both questions. 1 Trial Tr.

at 59:8-19.  Another witness testified that Doney "stayed" at his father's house on the reservation in 2008 or 2009 and sometimes stayed overnight at her house.  *See id*. at 62:20-64:14; *United States v. Bruce*, 394 F.3d 1215, 1224 (9th Cir. 2005) (describing "social recognition as an Indian through residence on a reservation and participation in Indian social life" as the least important evidence relevant to show the defendant's "non-racial link to a formerly sovereign people").

Counsel did not necessarily provide ineffective assistance for failing to "recognize every possible legal argument, including the arguably insufficient proof offered by the government as to one element of the crime."  *United States v. Ratigan*, 351 F.3d 957, 965 (9th Cir. 2003);[1] Mem. at 25.  Here, everyone failed to realize what was arguably an evidentiary shortfall on the Indian status element because the trial focused on the other elements of the offense.  The United States introduced some evidence to prove Doney's Indian status.  Doney had a full and fair opportunity to contest that evidence.  As in *Ratigan*, the allegations here simply do not support an inference that Doney was deprived of a fair trial.  "Criminal law and procedure are not poker."  *Ratigan*, 351 F.3d at 965.

Doney's allegations meet neither prong of the *Strickland* test.  This claim is denied.

---

[1]      *Ratigan* held the defendant had not shown cause to excuse his procedural default of a claim.  Only "[c]onstitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default."  *Ratigan*, 351 F.3d at 964-65 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  If a particular allegation of ineffective assistance does not amount to cause to excuse a default, it also does not amount to a Sixth Amendment violation.

### C.  Impeachment of O.G.

Doney contends that counsel should have impeached O.G. with her prior inconsistent statements to law enforcement officers.  *See* Mot. § 2255 at 6 "Ground Three"; Mem. at 26-31 & Ex. A (Doc. 98-1) at 5-6.  For instance, he points out that O.G. said in her interview that she was laying down in a bedroom when Doney came in and said he was going to sleep there too.  In her trial testimony, she claimed to be asleep and then remembered feeling someone getting on the bed with her.  *Compare* O.G. Statement (Doc. 98-1) at 5, *with* 1 Trial Tr. (Doc. 60) at 38:2-20.  In addition to a few alterations in her testimony, O.G.'s statement did not mention her argument with Jesse Manuel, but she remembered when defense counsel asked her about it.  The alleged  discrepancies highlighted by Doney comport with normal memory lapses.  These alleged inconsistencies fail to undermine the Court's confidence in the verdict.

Doney's allegations meet neither prong of the *Strickland* test.  This claim is denied.

### D.  Remarks

Finally, Doney claims that the government did not prove its allegations beyond reasonable doubt.  The Court noted that the case presented "a very close decision."  2 Trial Tr. (Doc. 86) at 13:25.  He also objects to a reference to the frequency of sexual assaults in Indian country.  *See* 1 Trial Tr. at 148:3-21.  *See*

*generally* Mot. § 2255 at 8 "Ground Four"; Mem. at 31-33.

Doney's interpretation of these comments fails to undermine the Court's confidence in the verdict. Defense counsel argued that it was unlikely that Doney assaulted L.B.G. because she had previously accused another person of a sexual assault. Initially, the Court took him to mean that one victim would not be assaulted twice. Counsel clarified that he meant two different people were unlikely to sexually assault one person on different occasions in virtually identical ways. *See* 1 Trial Tr. (Doc. 60) at 147:11-148:22.

Reference to a "close decision" did not reduce the United States's burden of proof. The decision as to whether the United States proved its case beyond reasonable doubt proved close. Had the burden been a preponderance of the evidence, the Court would have made an easy decision.

This claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Doney's claims meet the relatively low threshold required for a COA. Admission of evidence of O.G.'s medical examination and her prior statement would add to the quantum of evidence to be considered. Counsel pointed to no valid reason to fail to get the evidence admitted. Its admission could have made an acquittal more likely. Counsel's reasonable stipulations and his failure to challenge the sufficiency of the evidence of Doney's Indian status did not deprive Doney of a fair trial. Similarly, the Court's comments about the frequency of sexual assaults in Indian country and the closeness of the case did not deprive Doney of a fair trial. Reasonable jurists could disagree with the resolution of Doney's claims. A COA is warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Doney's motion to seal his motion for discovery (Doc. 97-1) is GRANTED. The motion for discovery (Docs. 97-2, 97-3) is DENIED.

2. Doney's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 97) is DENIED;

3. A certificate of appealability is GRANTED. The Clerk of Court shall immediately process the appeal if Doney files a Notice of Appeal;

4.  The Clerk of Court shall ensure that all pending motions in this case and in CV 17-124-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Doney.

DATED this 9th day of August, 2018.




Brian Morris
United States District Court Judge